**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA C. JACKSON,

      Plaintiff,

vs.                                                  Case No. 3:05-cv-1252-J-MCR

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

      Defendant.

## ORDER ON PETITION FOR ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees (Doc. 18) filed March 15, 2007. In response, the Commissioner filed a Motion to Dismiss Plaintiff's Petition for Attorney's Fees for Lack of Subject Matter Jurisdiction (Doc. 19) on March 29, 2006. This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. (Doc. 17).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)((1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted as Commissioner in this suit.

timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 17), filed on August 31, 2006, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).

Here, the Commissioner argues Plaintiff's Petition is untimely and thus, this Court lacks subject matter jurisdiction.  Judgment was entered on August 31, 2006, and the

Petition was not filed until March 15, 2007, one hundred and ninety-six days later. For Plaintiff's Petition to be timely filed, it should have been filed on or before November 29, 2006. Accordingly, the Petition was not timely filed.

In <u>Newsome v. Shalala</u>, 8 F.3d 775, 777 (11th Cir. 1983), the Eleventh Circuit ruled the 30 day EAJA time limit found in section 2412(d)(1)(B) is jurisdictional in nature and cannot be waived. Thus, when a plaintiff fails to file a petition within 30 days of the final judgment, the court is precluded from considering the merits of the petition. <u>Id</u>. Because Plaintiff failed to file its Petition for Attorney's Fees within the applicable statutory time frame, the Court need not delve into whether the remaining requirements under the EAJA are met.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Petition for Attorney Fees (Doc. 18) is **DENIED**.

2. Defendant's Motion to Dismiss Plaintiff's Petition for Attorney's Fees for Lack of Subject Matter Jurisdiction (Doc. 19) is **GRANTED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of March, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

-3-

Copies to:

Counsel of Record